## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

ANTHONY MARCELLO ELLIS                                                        PLAINTIFF

VS.                                              CIVIL ACTION NO. 3:13cv386-LRA

SHERIFF TYRONE LEWIS, ET AL.                                           DEFENDANTS

### MEMORANDUM OPINION AND ORDER

Before the Court are Defendant Floyd Brown's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment [19]; Defendant Lawrence Sutton, M.D.'s Motion for Summary Judgment [61]; and, Defendant Sheriff Tyrone Lewis and Warden Phil Taylor's Motion to Dismiss or for Summary Judgment [68].

## 1.     Facts and Proceedings

Counsel for Defendants and Ellis, *pro se,* appeared before the undersigned United States Magistrate Judge on October 24, 2013, for a hearing conducted under the authority of *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), and its progeny. Ellis testified under oath regarding his claims against these Defendants. He was housed in the Hinds County Detention Center as a pretrial detainee at the time of the hearing.

Plaintiff has sued Sheriff Tyrone Lewis, Warden Phil Taylor, Nurse Floyd Brown, and Dr. Lawrence Sutton. According to Plaintiff, he was diagnosed on January 19, 2013, with a hernia and advised by Dr. Sutton that he would need surgery. Dr. Sutton told him that he would request that Ellis be referred to a surgeon. According to Plaintiff, he saw Dr. Sutton

again on March 1 and May 22, 2013.  Dr. Sutton told him that he was going to keep requesting that he be allowed to see a surgeon.

Ellis's medical records confirm that he was seen by a physician on December 12, 2012; December 19, 2012; December 28, 2012; January 18, 2013; March 1, 2013; April 10, 2013; June 26, 2013; and July 10, 2013 [19-4; 27].  Ellis began complaining of a possible hernia on December 12, 2012.  His treating physician confirmed this diagnosis on January 18, 2013, but he was not referred to a general surgeon for repair until April 10, 2013.  At that time, his physician began the referral process for surgical repair.   Ellis's pain was treated conservatiely with medications, and he was also allowed to use a bottom bunk. [27, 1 at p. 5].  Ellis contends he filed a written grievance with the administration in March 2013 but got no response; he filed another on April 23, 2013, and was dissatisfied with the results.  He filed this lawsuit approximately two months after his diagnosis was confirmed.  It is questionable as to whether or not he exhausted his administrative remedies prior to filing this lawsuit.

Ellis's medical records confirm that he has a "reducible hernia with zero incarceration."  This means that his blood is still flowing freely to the herniated intestine and no urgency is required with regard to surgical repair.   After his release, Ellis submitted a letter from University Physicians [56-1] stating that he had been evaluated for abdominal

pain and vomiting; had been diagnosed with an umbilical hernia[1] and a right inguinal hernia[2]. Although he has been referred to the General Surgery Clinic at the University of Mississippi Medical Center, he "needs a payment source in order to be seen and evaluated for this surgery." [56-1].

At the omnibus hearing, counsel for the Sheriff indicated that Ellis's appointment with the surgeon may have been scheduled for the near future. Based upon this possibility, Ellis testified that he would drop his lawsuit if he were provided the surgery for his hernia. Because of this, the Court directed that counsel investigate and determine if Ellis was to be taken to a surgeon in the near future.

Instead, Plaintiff was soon released [on October 30, 2013], from the Hinds County Detention Center and is now free world. He contends that the only reason he was released was because he now has a second hernia and "they didn't want to pay for it as well." [64, p. 2]. Ellis contends that these Defendants should pay for him to have surgery and for the pain and suffering he experienced as a result of the hernia.

2.    **Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure provides, in relevant part, that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there

---

[1]An umbilical hernia occurs when part of the intestine protrudes through an opening in the abdominal muscles.

[2]An inguinal hernia is a protrusion of abdominal-cavity contents through the inguinal canal.

is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(c).  The United States Supreme Court has held that this language "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The substantive law establishes those elements on which a plaintiff bears the burden of proof at trial; only facts relevant to those elements of proof are considered for summary judgment purposes.  *Id*. at 322.  There is a genuine factual dispute between the parties only "when a reasonable jury could return a verdict for the non-moving party."  *Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 248 (1986).

3.    **Legal Analysis**

The Eighth Amendment does prohibit conduct which evinces deliberate indifference to a serious medical need by its ban on cruel and unusual punishment, and this standard also applies to pretrial detainees.  *Hare v. City of Corinth, MS*, *on rehearing en banc,* 74 F.3d 633, 644-646 (5th Cir. 1996), *appeal on remand*, 35 F.3d 320 (5th Cir. 1998).  Because Ellis was a pretrial detainee during much of the time he was held in the Hinds County Detention Center, the Court has reviewed his claim under the Fourteenth Amendment.  *Mayfeather v. Foti*, 958 F.2d 91 (5th Cir. 1992); *Cupit v. Jones*, 835 F.2d 82 (5th Cir. 1987).  "[P]retrial detainees are entitled to reasonable medical care unless the failure to supply that care is reasonably related to a legitimate governmental objective."  *Cupit*, 835 F.2d at 85.

4

The medical care received by a pretrial detainee may be deemed objectively unreasonable where jail officials act "with subjective deliberate indifference to the detainee's rights." *Nerren v. Livingston Police Dep't.*, 86 F.3d 469, 473 (5th Cir. 1996). *Nerren* further defined "subjective deliberate indifference" as subjective knowledge of a substantial risk of serious medical harm, followed by a response of deliberate indifference." *Id*. However, "negligent inaction by a jail officer does not violate the due process rights of a person lawfully held in custody of the State." *Hare*, 74 F.3d at 645. "Unsuccessful medical treatment does not give rise to a §1983 cause of action. . . . Nor does '[mere] negligence, neglect or medical malpractice'". *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991); *see also Stewart v. Murphy*, 174 F.3d 530 (5th Cir. 1999).

The evidence submitted in support of the dispositive motion is replete with proof of frequent medical care. He was seen on numerous occasions by medical personnel and treated conservatively with medicines; he was also provided a lower bunk. Although Dr. Sutton recommended referral to a surgeon in April 2013, no surgery consultation had been performed when Ellis filed suit or attended the omnibus hearing.

The only issue in this lawsuit is whether or not this delay in taking Ellis for a surgical consultation, from approximately April-September 2013, violated his constitutional rights; and, if so, are these Defendants liable.

In order to establish that a delay in medical care violated the Eighth Amendment, the prisoner must show that there has been deliberate indifference, *which results in substantial harm*. *Hall v. Thomas*, 190 F.3d 693 (5th Cir. 1999). In this case, Ellis cannot show that he suffered from substantial harm due to the delay in taking him for a surgical consultation. The standard for finding "deliberate indifference is a subjective inquiry." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994),

cited in *Lawson v. Dallas County*, 286 F.3d 257 (5th Cir. 2002). Plaintiff must show that the prison officials were actually aware of the risk of harm to Plaintiff, yet consciously disregarded or ignored it. *Id.*

In this case, Plaintiff cannot show that the delay resulted in "substantial harm" to him. Although he experienced discomfort from the hernia, he cannot show he was seriously harmed by having a hernia for this long. Many people delay surgical treatment of hernias due to the risks involved and due to the costs involved. Plaintiff conceded that he did not undergo the surgery when he was free for a period of time. He could also undergo the surgery at this time, while not in custody. Ellis obviously wants to use these Defendants as a "payment source" for his surgery, but he misunderstands their responsibilities for his health care. If he is not in their custody, they have absolutely no responsibility to him for his health care. The Detention Center and its personnel are not intended as "payment sources" for health care. Further, these Defendants are not responsible for the release of a detainee, particularly the medical personnel involved. There is no requirement that a prisoner continue to be incarcerated in order for his medical issues to be resolved.

The fact that Ellis may not have been *satisfied* with the treatment or care he received is not indicative of its "unreasonableness." Further, a prisoner is not entitled to medical treatment of his choosing simply upon request. As stated in *Peterson v. Davis,* 551 F.Supp. 137, 146 (E.D. Md. 1982),

> [T]he mere failure to treat all medical problems to a prisoner's satisfaction, even if that failure amounts to medical malpractice, is insufficient to support a claim under §1983. [citations omitted.]

> Methods of diagnosis and choice of treatment of an inmate are, therefore, not subject to judicial review.

This Court cannot interfere with medical personnel's diagnoses or judgment or with the decisions they make relating to the appropriate treatment given an inmate.  To prove deliberate indifference, Ellis must allege that each  Defendant "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006).

"The decision whether to provide additional treatment 'is a classic example of a matter for medical judgment'"and "[a] prisoner's disagreement with his medical treatment, absent exceptional circumstances" does not satisfy the deliberate indifference requirement. *Estelle*, 429 U.S. at 107; *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995).  Ellis has not articulated any exceptional circumstances.

In this case, Dr. Sutton's actions clearly do not constitute deliberate indifference to a serious medical need, and Ellis's testimony confirms this fact.  Dr. Sutton simply continued to make the referral to a surgeon and treated the hernia conservatively.  He did not refuse to treat Plaintiff or ignore his needs, and all claims against Dr. Sutton must be dismissed with prejudice for all the reasons set forth in his motion.

Nurse Floyd Brown is a registered nurse on staff at the Hinds County Detention Center.  He became the Health Services Administrator there on September 15, 2012, and is an employee of Quality Choice Correctional Healthcare.  That company is responsible for

the medical care of inmates at HCDC. [10-3].   As a nurse, Defendant Brown had no power to either order surgery for Plaintiff or to discontinue an order for surgery by a physician.  The Court finds that he is entitled to qualified immunity, for all the reasons set forth in his memorandum.  The records confirm that Ellis *was* treated for his hernia, and no deliberate indifference can be established as against Defendant Brown.

Accepting all of Plaintiff's testimony and allegations as true, no constitutional claim has been stated against any of the Defendants.  Sheriff Lewis and Warden Taylor were not individually involved in Plaintiff's medical care, and they must also be dismissed due to the reasons set forth in the Memorandum of Law in Support of Summary Judgment filed by them.

IT IS, THEREFORE, ORDERED that Defendants' Motions for Summary Judgment are granted, and this cause is dismissed with prejudice as to all Defendants.  Final Judgment shall be entered on this date.

SO ORDERED, this the 10th day of March, 2014.


_____S/ Linda R. Anderson_____
UNITED STATES MAGISTRATE JUDGE

8